UNITED STATES

v.

Private (E-2) Joseph O'CONNELL, 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, US Army, Company C, 23d Engineer Battalion, 3d Armored Division Artillery, 3d Armored Division, APO New York 09165.

SPCM 12049.

U. S. Army Court of Military Review.

Sentence Adjudged 26 May 1976.

Decided 16 July 1976.

Appellate Counsel for the Accused: CPT Donald R. Jensen, JAGC; CPT John R. Osgood, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: MAJ Steven M. Werner, JAGC; MAJ John T. Sherwood, Jr., JAGC.

## OPINION OF THE COURT

COSTELLO, Judge:

This file contains no evidence that the record of trial was given to appellant prior to the convening authority's action as required by Article 54(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 854(c). Further, the record is devoid of evidence that it was "examined" by trial defense counsel in compliance with paragraph 82e, Manual for Courts-Martial, United States, 1969 (Revised edition), MCM 1969 (Rev.).* Correspondence from the staff judge advocate to defense counsel indicates that a copy of the record was " . . . available at this office for you to examine." Such making "available" is not the "giving" required by Article 54(c), UCMJ, so the statutory mandate was not met even though the appellant was absent from the command and the spirit of Article 54(c) could have been satisfied by proper proceedings with trial defense counsel. *United States v. Cruz-Rijos,* 1 M.J. 429 (June 25, 1976).

Our detailed examination of the record persuades us that this error did not operate to the prejudice of the accused. Article 59, UCMJ, 10 U.S.C. § 859. The findings entered pursuant to a provident plea of guilty were unassailable. The accused received substantially less than the jurisdictional limits of the court's sentencing power despite the admission of a record of previous conviction within the preceding year for exactly the same type of offenses. This circumstance, coupled with the rest of the matters submitted during sentencing proceedings and defense counsel's inaction on the proferred staff judge advocate review, persuade us that no potentially fruitful course of action was available to appellant. Thus, the error did not inure to his prejudice and is harmless.

Accordingly, the findings of guilty and the sentence are affirmed.

---

* The trial was held on 20 February 1976 and the staff judge advocate review was forwarded to the defense counsel on 28 March 1976. The convening authority acted on 16 April 1976.