### UNITED STATES

v.

**Specialist Four Sanmut O. AMUN, 287–40–7643, US Army Battery A, 3d Battalion, 13th Field Artillery, 25th Infantry Division, APO San Francisco 96225.**

### SPCM 12182.

U. S. Army Court of Military Review.

Sentence Adjudged 26 May 1976.

Decided 16 July 1976.

---

Appellate Counsel for the Accused: None requested.

Appellate Counsel for the United States: None appointed.

## OPINION OF THE COURT

COSTELLO, Judge:

Although appellant was not represented before us, our review disclosed one error in the convening authority's action on his sentence and an issue which warrants consideration. The sentencing error will be corrected in our decree.

The issue is whether appellant was denied his right to be given a copy of the authenticated record of trial "well before" the convening authority's action. Article 54(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 854(c); *United States v. Cruz-Rijos,* 1 M.J. 429 (June 25, 1976).

The essential chronology in this case follows:

| | |
|---|---|
| Appellant waived right to appellate counsel | – 26 May 75 |
| Trial defense counsel examined the record | – 2 Jun 75 |
| Trial judge authenticated the record | – 3 Jun 75 |
| Trial defense counsel declined comment on post-trial review | – 21 Jun 75 |
| Record of trial received by appellant | – 22 Jun 75 |
| Action of convening authority | – 23 Jun 75 |

The accused and defense counsel were members of the same command in Hawaii, and accused was retained in that command until after the proceedings were approved by the convening authority. Clearly, the record authenticated on 3 June could have been given to him as early as 18 days before the convening authority's action of the 23rd, but that was not done until one day before. On the face of it, one day is not "well before" and there would appear to be a violation of the thrust of *Cruz-Rijos, supra.* However, we hold that the violation was only apparent, not real.

The *Cruz-Rijos* construction of Article 54(c), UCMJ, will require modification of Army procedures followed in most jurisdictions since 1951. Prior to that time an accused was entitled to a copy of a general court-martial record on demand, and was so advised at trial. A.W. 111 and paragraph 85, Manual for Courts-Martial (United States Army), 1949 (MCM 1949). The framers of the 1951 Code added the invariable requirement of Article 54(c) because they felt it ". . . appropriate that the accused should have a copy of such records for his *personal* use." H.R. 2498, 81st Cong., 1st Sess. 1949, page 1048. [Emphasis supplied.] That Article was added to a context of well-established and unchanged practice in which the record was examined by trial defense counsel who was charged with making objections thereto and with briefing other matters for the attention of the convening authority and appellate tribunals. *Id.,* at 1021; Article 38(c), UCMJ, 10 U.S.C. § 838(c); paragraphs 46 and 85, MCM 1949; paragraph 82e, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969) (Rev.). The modern practice is embodied in the principles of the present Manual and such cases as *United States v. Vara,* 8 U.S.C.M.A. 651, 25 C.M.R. 155 (1958) and *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). This well-established practice, plus the provisions for automatic review of cases and the certainty of representation at all levels have made it unnecessary for Congress or military appellate tribunals to impose such intense regulation of the post-trial attorney-client relationship as the Supreme Court found necessary in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *See* Articles 66–69, UCMJ, 10 U.S.C. §§ 866–869.

Today, the defense counsel's activities and other parts of the initial post-trial review lead up to the convening authority's action on a case. Within the several time limits imposed on him he has unfettered discretion to act or to entertain certain additions to the mandated components of his deliberations before he acts. Paragraph 88,

MCM 1969 (Rev.). Thus, his action is the capstone of the initial review process and is itself a statement that all preliminaries have been completed.

The decision in *Cruz-Rijos, supra* has enlarged the potential for an accused to participate in the initial review. To hold otherwise would be to ignore the clear statement of the Court of Military Appeals that the record must be given to the accused "well before" the convening authority acts. Consequently, error may result from a failure to give the record to the accused at all or from a failure to give it to him in time.

In this case, the accused did receive a copy before the convening authority acted. Whether that receipt was timely or not depends upon the circumstances of the case and a realization that timeliness of receipt is measured in terms of an event which does not occur at a fixed time. The discretion of the convening authority as to the timing of his action makes it an indeterminate event. It becomes definite when he decides that all necessary preliminaries have been completed and acts. As to the timeliness issue introduced by *Cruz-Rijos,* a decision that he erred by acting too quickly will turn principally on whether the accused had a desire to act to influence the action and was denied an opportunity.

The record before us is devoid of any suggestion that appellant had a desire to petition the convening authority. Further, it is filled with contrary indications: Appellant had a generous pretrial agreement which provided for the suspension of the unexecuted portion of any sentence to confinement. At trial appellant stated that a discharge would be ". . . most just for both parties concerned [Himself and the Army] . . . ." and that ". . . confinement would destroy my composition much more than the actual conviction." He waived his right to appellate counsel on the day he was sentenced, a decision in which he has persisted to this date. His counsel, present in the same command, had received a copy of the record of trial 19 days before the action, but did not react to it.[1] Counsel also declined comment on the staff judge advocate's review on the same day he received it.[2] Thus, we find that appellant had no intention of attacking the outcome of his trial.

In this posture of the case, the convening authority was correct in speedily bringing the case to a conclusion. His decision in this instance was undoubtedly influenced by the fact that appellant had been placed in post-trial confinement and early action would permit realization of the pretrial promise to suspend any confinement imposed. Even without that unusual circumstance, however, there was no need for further delay and his efficiency produced no error.

Accordingly, the findings of guilty and sentence are affirmed. However, the application of forfeitures is deferred, effective 23 June 1976, until the sentence is ordered into execution (Article 57(a), Uniform Code of Military Justice, 10 U.S.C. § 857(a), paragraph 88*d*(3), Manual for Courts-Martial, United States, 1969 (Revised edition).

Senior Judge CLAUSE and Judge DONAHUE concur.

---

1. Although the record was served on defense counsel a day before authentication, we note that it was changed only by correction of two minor spelling errors.

2. There is no basis for criticism of either of counsel's decisions and we suggest none.