**UNITED STATES**

v.

**Private First Class Edmund SMITH, 213–72–5238, US Army, 176th Signal Company (Operations) (Large Headquarters), Fort Lewis, Washington 98433.**

**SPCM 12235.**

U. S. Army Court of Military Review.

Sentence Adjudged 16 March 1976.

Decided 29 Nov. 1976.

---

11. *United States v. Cruz-Rijos, supra.*

12. *United States v. Evans,* 2 M.J. 1043 (A.C.M.R. 18 Nov. 1976).

They merely showed a suspect to an on the scene witness, while the investigation was still in progress. If the witness could not have identified the suspect, sufficient time remained to investigate further in the immediate area. In addition, if the accused were entitled to a counsel under these circumstances, the safety and welfare of the people in the local area would be unnecessarily jeopardized, while waiting for a defense counsel to arrive. This is one of the reasons that the U.S. Supreme Court saw fit to limit the right to counsel to "line ups" as distinguished from "show ups" and only in "line ups" conducted *after* indictment. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). To the extent that *United States v. Webster*, 40 C.M.R. 627 (A.C.M.R.1969), *pet. denied* 40 C.M.R. 327, implies that a suspect in the military is entitled to counsel prior to a "show up," we choose not to follow its dicta.

We find that the military police followed the best procedure possible in conducting the "show up." The confrontation was not overly suggestive and under the total circumstances the military police properly balanced the due process rights of the accused with the protective safety of the local community.

Appellate Counsel for the Accused: CPT Derryl W. Peden, JAGC; CPT John C. Carr, JAGC; LTC John R. Thornock, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT John F. DePue, JAGC; COL Thomas H. Davis, JAGC.

## OPINION OF THE COURT

MOUNTS, Judge:

The accused, contrary to his pleas, was convicted of offenses involving attempted larceny, willful damage of non-military property, and housebreaking in violation of Articles 80, 109 and 130, Uniform Code of Military Justice (10 U.S.C. §§ 880, 909, and 930), respectively.

### I

The appellant alleges that the in-court identification of the appellant was tainted by an unduly suggestive pretrial confrontation with the accusing witness. We find, however, that the procedure for identification was not improper. The witness had alerted the military police after making a detailed observation of the accused in the theater. The military police quickly apprehended the accused and returned him to the theater where the witness identified him as the person he had observed in the theater. This type of "show up" identification is clearly good police work. The military police did not encourage the identification in any way.

### II

The accused did not receive his copy of the record until after the convening authority took his action. This is error. (*United States v. Cruz-Rigos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976)). However, the trial defense counsel examined the record before the action and he also had an opportunity to rebut any improper matter in the review prior to the action. We therefore find no prejudice to the accused from the error.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge MITCHELL concur.