UNITED STATES

v.

**Melvin LOWERY, 409 04 9991, Private (E–1), U. S. Marine Corps.**

**NCM 76 2478.**

U. S. Navy Court of Military Review.

Sentence Adjudged 17 June 1976.

Decided 23 Feb. 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LCDR A. K. Llewellyn, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

GLASGOW, Judge:

Pursuant to his plea, the appellant was found guilty of several violations of the Uniform Code of Military Justice and sentenced by military judge, sitting alone, as a special court-martial, to a bad conduct discharge, confinement at hard labor for two months, and forfeiture of $75.00 per month for two months. The sentence has been approved on review below.

The appellant makes the following summary assignment of error:

IN VIEW OF THE FACTS THAT THE RECORD OF TRIAL WAS AUTHENTICATED BY THE TRIAL COUNSEL ON 29 JUNE 1976 AND THE MILITARY JUDGE AUTHORIZED SUCH AUTHENTICATION ON 25 JUNE 1976 BECAUSE HE WAS LEAVING THE CIRCUIT AT SOME FUTURE DATE RAISES THE QUESTION AS TO WHETHER THE JUDGE WAS ABSENT IN THE SENSE OF PARA. 82f, MCM, 1969 (REV.), AND WHETHER THE AUTHENTICATION WAS PROPERLY DONE BY TRIAL COUNSEL. *UNITED STATES V. CRUZ–RIJOS*, 1 M.J. 429 (1976).

The record of trial was authenticated by "C. E. Anderson, Capt. USMCR, Trial Counsel," on 29 June 1976, but fails to show that it was so authenticated "because of (death) (disability) (absence) of the military judge." MCM, 1969 (Rev.), par. 82f and app. 9b; *United States v. Cruz-Rijos*, 1 M.J. 429 (1976). The following statement is attached to the record:

| UNITED STATES | |
|---|---|
| v. | Grant of Authority to Authenticate Record of Special Court-Martial |
| M. LOWERY | |

---

Pursuant to current regulations, the Trial Counsel in the above proceeding is granted authority to authenticate the record of trial in my absence. The receipt of permanent change of station orders and my impending departure from this Circuit makes it impossible for me to authenticate the record.

/s/ A. J. ROACH 25 June '76
Captain, USMCR
Military Judge

The pertinent Department of the Navy regulation appears to be JAG Instruction 5813.4B, dated 24 June 1974, which provides that:

Unless expressly authorized in writing by the military judge, no other officer may authenticate the record in lieu of the military judge except in the event of his death or disability. (JAGINST 5813.4B, par. 7f).

█ It therefore appears that, except in the case of death or disability, the trial counsel (reporter or court member) has no authority to authenticate a Navy court-martial record, unless the military judge is absent and such authentication is actually authorized in writing, by the military judge. In the case *sub judice*, the record failed to show that the military judge was absent when the record was authenticated, but government has submitted the following post-trial affidavit of the military judge, viz:

1. That he was assigned and served as Military Judge in the case of *U. S. v. Pvt Melvin Lowery*, tried at Camp Hansen, Okinawa, Japan on 17 June 1976.

2. That on or before 25 June 1976 he was relieved of all military duties in order to allow him to make arrangements for his permanent reassignment to the United States; and that on 25 June 1976 prior to delivery of the record of trial of the above case to him for authentication, he executed written authorization for trial counsel to authenticate the record of trial in the above case.

3. That he left Okinawa on 30 June 1976 pursuant to his permanent change of station orders.

4. That on 28 and 29 June 1976, he spent the full working day travelling back and forth between his quarters at Camp Courtney, his office and company office at Camp Mctuereous, and his battalion office at Camp Zukeran, attempting to locate, insure the timely preparation of, and to take delivery of his permanent change of station orders.

■ Although the trial judge was physically on the island of Okinawa on 29 June 1976, when the record was authenticated, he had been relieved of all judicial duties and was devoting full time to final preparation to leave the island on the following day, in compliance with change of station orders. This case differs from *Cruz-Rijos*, for there the post-trial affidavits indicate that the trial judge was at Fort Lee, the situs of trial, performing his regular judicial duties, when the record was authenticated. Furthermore, there was no departmental regulation requiring the trial judge to authorize, in writing, the authentication of court-martial records, in the event of his absence.

In the case *sub judice*, the trial judge fully complied with departmental regulations for the orderly delegation of responsibility for the authentication of this record. Had the trial counsel authenticated this record a few hours later, after the judge departed from Okinawa on 30 June, there would have been no question as to the legality of the authentication.

■ We believe that the "absence" provision of Paragraph 82f, is not necessarily limited to physical absence from a geographical location. A judge might be physically at or near the situs of trial, but unavailable (not necessarily disabled) to perform judicial duties, due to his authorized absence, illness or hospitalization. In such situations, we think authentication of the record can be made by those so authorized under Paragraph 82f, in case of absence, provided there has also been compliance with JAGINST 5813.4B, which re-

quires written authorization from the trial judge himself.

In this case we find that when the record was authenticated on 29 June 1976, the trial judge was absent from his judicial duties, such absence was authorized and that the "absence" provision of Paragraph 82f, was permissibly invoked by private counsel. Accordingly, the findings of guilty and sentence approved on review below are affirmed.

Chief Judge CEDARBURG and Judge BAUM concur.