## UNITED STATES

### v.

### Theo McDONALD, Jr., 418 88 4451, Private E–1, U. S. Marine Corps.

### NCM 77 0009.

U. S. Navy Court of Military Review.

Sentence Adjudged 29 April 1976.

Decided 23 Feb. 1977.

CDR A. W. Eoff, II, JAGC, USN, Appellate Defense Counsel.

LCDR A. K. Llewellyn, JAGC, USNR, Appellate Government Counsel.

Before MURRAY, MALLERY and GREGORY, JJ.

PER CURIAM:

We note that the court reporter in this case attempted to "authenticate" the record on the basis that the military judge and the trial counsel were "unavailable." Paragraph 82f, Manual For Courts-Martial 1969, (Rev.), provides:

> The record in each case shall be authenticated by the signature of the military judge who was actually present at the conclusion of the proceeding. If the record cannot be authenticated by the military judge by reason of his death, disability or absence, it shall be authenticated by the signature of the trial counsel who was actually present at the conclusion of the proceedings or by that of a member if the trial counsel is unable to authenticate it by reason of his death, disability or absence. In a court-martial consisting of only a military judge the record shall be authenticated by the court reporter under the same conditions which impose such a duty on a member under this paragraph. See appendix 9b for forms of authentication.

The explanation proffered by the court reporter that the military judge and the trial counsel were "unavailable" does not apprise this Court as to the reason for such "unavailability." We do not know if either or

both were dead, disabled, or only absent. "Unavailable" is not a word of art set forth in the *Manual* upon which the court reporter's action in attempting to authenticate a record may be predicated. Accordingly, we have no prima facie evidence of record at this time that the record has been properly authenticated as provided by law.

Under the circumstances, the record is returned to the convening authority for ascertainment as to the propriety of its authentication, and if it is found that it has not been properly authenticated, after the same is fully accomplished, new reviews and new actions by the convening and supervisory authorities will be required. *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976).