UNITED STATES, Appellee,

v.

Private First Class Ene F. TUA, SSN 586–24–6902, United States Army, Appellant.

CM 434794.

U. S. Army Court of Military Review.

12 Dec. 1977.

---

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain Richard A. Pearson, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Captain Gary F. Thorne, JAGC, and Captain Denis L. Durkin, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of maiming and assault and battery (two specifications) in violation of Articles 124 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 924 and 928. The court-martial imposed the maximum sentence, a dishonorable discharge, forfeiture of all pay and allowances, reduction to Private E–1, and confinement at hard labor for eight years. The convening authority approved.

### I

The appellant raises several errors for our consideration during review under

Article 66, UCMJ. First, he argues that maiming is a specific intent crime to which intoxication offers a defense. The military judge instructed to the contrary, advising the members that maiming requires only a general criminal intent. We hold the judge's instruction was correct. It was consistent with the provisions of paragraph 203, Manual for Courts-Martial, United States, 1969 (Revised edition), and *United States v. Hicks*, 6 U.S.C.M.A. 621, 20 C.M.R. 337 (1956). Appellant's interpretation of *Hicks*, in effect, would amount to an overruling of that decision. That we decline to do. Not only would such an action be beyond the province of this Court, but also we believe *Hicks* was decided correctly. The Court of Military Appeals recognized that maiming, although somewhat broader in scope than the common law offense of mayhem, involved only the same general criminal intent.

## II

■ Appellant asserts that his pretrial statement should not have been admitted into evidence because there was no knowing and intelligent waiver of his right to remain silent or to consult with an attorney. Appellant concedes that the criminal investigator fully advised him of his rights before questioning him and that such advice would be sufficient for the normal person. He maintains however, that because of his age (21), intelligence (GT score 66), limited ability to speak and understand English, cultural and ethnic background (native of Samoa), and lack of food and sleep, his waiver was ineffective and his statement involuntary.

We find that appellant was properly warned of his rights, as all parties agree, and we find that his statement was completely voluntary. Although he was a native Samoan, his schooling was in English and he had been in the Army for more than a year when questioned. The investigators testified he had no trouble with the language, and he exhibited no difficulties in understanding during the trial. He may not have been as alert as he would have been had he had nothing to drink and had

he had plenty of food and rest but that does not mean he was so lacking in will as to be unable to make a reasoned choice. His actions during the commission of the offense and afterwards belie his contention of extreme drunkenness. The military judge and the members of the court, who saw and heard the witnesses, found the statement voluntary. Our review of the record convinces us, too, of that conclusion.

## III

■ The appellant argues that the photographs and movie film depicting the victim's injuries were so inflammatory that they outweighed their probative value. We disagree. The military judge limited the prosecution in the number of photographs. Only two depicted the disfiguring wounds and only the short film showed the subsequent condition and loss of vigor. The appellant apparently would have the prosecution present its case without any photographs or moving pictures, relying entirely on records and testimony. We find this an unreasonable demand. The photographs and film were admissible for a legitimate purpose. The shock aspect was overridden by their probative value. *United States v. Bartholomew*, 1 U.S.C.M.A. 307, 3 C.M.R. 41 (1952); *United States v. Noreen*, 48 C.M.R. 228 (A.C.M.R.1973). This attack was so savage that even the barest recitation of the facts would raise the passions of the jury. The military judge is to be commended for his efforts to minimize such an impact by restricting the prosecution evidence. We find no abuse of discretion.

## IV

■ Appellant asserts that the two assault and battery charges were minor offenses which should not have been joined for trial with the maiming offense. One assault and battery occurred a week before the maiming and the other occurred a month before. Appellant argues that the convening authority abused his discretion in directing trial of all three at the same time because the minor offenses did not explain the greater one. *See* paragraphs 26c and 30

g, MCM, 1969 (Rev.). We do not agree. We find the minor offenses helped explain the more serious one. One of the assaults was triggered by the same type incident that initiated the maiming, viz., the refusal of the victim to give a cigarette to appellant or his friend. The victim of the second assault, who was also a friend of appellant, brought on the assault by refusing to give appellant a beer. He was a witness subsequently to the greater offense but did not interfere. Viewing these circumstances with the broad discretion granted a convening authority, we find no abuse.

## V

■ The appellant's primary defense was that of intoxication. The evidence showed that in addition to drinking heavily, he was also smoking marihuana. Appellant now contends that the military judge should have given a limiting instruction on that uncharged misconduct. He acknowledges that the evidence was relevant to his defense, but argues that *United States v. Grunden*, 25 U.S.C.M.A. 327, 54 C.M.R. 1053, 2 M.J. 116 (C.M.A.1977), still requires an instruction. We believe the facts of this case, involving as they do minor misconduct beneficial to the appellant's defense, are so different from *Grunden* as to require a different result. Further, even if we assume a limiting instruction was required, there is no reasonable possibility that the appellant could have been prejudiced by the military judge's failure to give one. Evidence that appellant was smoking marihuana was so insignificant in comparison to the maiming offense that it had no effect on either the findings or sentence here.

## VI

■ Finally, appellant argues that the "absence" provision of paragraph 82f, MCM, 1969 (Rev.), was improperly invoked by the trial counsel in authenticating the record, with the result that a new authentication and a new review and action are required. *United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976). Trial was completed on 4 March 1976. Trial counsel authenticated the record on the afternoon of 5 May 1976, in the absence of the military judge. The record was mailed that same day to another convening authority for review and action. Although the military judge was absent at the precise time the trial counsel authenticated the record, he returned a few hours later from a nine day trip to Alaska. Under these circumstances we hold he was not absent within the meaning of paragraph 82f, MCM, 1969 (Rev.); *United States v. Cruz-Rijos, supra; United States v. Andrade*, 3 M.J. 757 (A.C.M.R.1977). This does not end the matter, however, as we must now consider the balancing test enunciated in *Cruz-Rijos*.

In considering the speedy appellate disposition aspect of the balancing test, we note first that the record is quite voluminous and review had to be prepared by a distant convening authority. On the other hand, authentication was accomplished on the 61st day, leaving four weeks in which to complete the action. Thus, the 90-day post-trial disposition rule was not an overwhelming factor. The competing consideration, the integrity of the record that comes from authentication by a neutral judge, is little diminished by trial counsel's actions. The number and the nature of corrections made by trial counsel were relatively few and insignificant, considering the size of record; the trial defense counsel pointed to no deficiencies in the transcript; and the military judge authenticated a certificate of correction a short time after the convening authority took his action. Presumably, had there been other errors he would have corrected them.

■ Balancing the need for a speedy post-trial disposition of the case with the need for authentication by the neutral judge, we find that the record should have been authenticated by the military judge. However, we find no question as to the verity of the record and therefore no prejudice to the appellant. Further, as a practical matter, even were we to require a new

authentication, the military judge has retired and is no longer available.

The findings and sentence are affirmed.

Judge MITCHELL and Judge DeFORD concur.