UNITED STATES

v.

Garland W. SMITH, 235 84 7865, Private First Class (E–2), U. S. Marine Corps.

NCM 79 1441.

U.S. Navy Court of Military Review.

Sentence Adjudged 14 March 1979.

Decided 20 Dec. 1979.

LT Larry A. McCullough, JAGC, USNR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and DONOVAN, JJ.

FERRELL, Judge:

Appellant, pursuant to his pleas, was convicted of wrongful possession of marijuana and lysergic acid diethylamide by a special court-martial, military judge alone, on 14 March 1979. He was sentenced to be discharged with a bad-conduct discharge, to be confined at hard labor for 75 days, to forfeit $100.00 pay per month for 3 months and to be reduced to pay grade E–1. The special court-martial convening authority on 19 April 1979, approved the sentence but suspended execution of the bad-conduct discharge and confinement in excess of 45 days. The action of the convening authority was in compliance with the terms of a pretrial agreement. The supervisory authority on 25 June 1979 approved the sentence as approved and partially suspended by the convening authority.

Appellant assigned the following error: THE CONVENING AUTHORITY ERRED IN FAILING TO PROVIDE THE APPELLANT WITH A COPY OF THE RECORD OF TRIAL AS SOON AS IT WAS AUTHENTICATED, OR PRIOR TO HIS ACTION (SJAR 3). ARTICLE 54(c), UNIFORM CODE OF MILITARY JUSTICE; *UNITED STATES V. CRUZ–RIJOS,* 1 M.J. 429 (CMA 1976).

Appellant, in his brief, contends that he was deprived of an opportunity to fully participate in the initial review of his case and asks for appropriate "corrective action."

The following chronology is relevant to appellant's assignment of error:

14 March 1979 – Sentence adjudged
27 March 1979 – Record authenticated by the military judge
19 April 1979 – Appellant received copy of record of trial
– Convening authority's action
11 June 1979 – Staff judge advocate's review
25 June 1979 – Supervisory authority's action.

The staff judge advocate in his review advised the supervisory authority of the procedural error in the delayed service of the record of trial on the appellant. He further

advised that in his opinion the rights of the appellant relative to post-trial review were not jeopardized. A copy of the staff judge advocate's review was served on the trial defense counsel on 11 June 1979. The trial defense counsel on 18 June 1979 stated he had no comments to include concerning the review.

■ The failure to furnish appellant a copy of the record of trial until 19 April 1979 following its authentication on 27 March 1979 was an error of law. This is clearly established by Article 54(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 854(c), which states:

(c) A copy of the record of the proceedings of each general and special court-martial shall be given to the accused as soon as it is authenticated.

We therefore must consider if this error of law materially prejudiced the accused.

■ A finding or sentence of a court-martial may not be held incorrect because of an error of law unless it materially prejudices the substantial rights of the accused. Art. 59, UCMJ, 10 U.S.C. § 859. The appellant had available several avenues to bring forward any material prejudices to his substantial rights: the *Goode* response to the staff judge advocate's review, an Article 38(c), 10 U.S.C. § 838(c) brief to the record of trial, and his appellate brief. He has presented nothing specific indicating how he would have participated in the initial command review. We have closely examined the record of trial and the briefs and we find no material prejudice. The United States Court of Military Appeals, in *United States v. Cruz-Rijos*, 1 M.J. 429 (C.M.A. 1976), found error when the appellant did not receive a copy of the record of trial as soon as it was authenticated, but there were facts in that case that do not exist here, and we do not interpret the Court's opinion as establishing a *per se* rule of prejudice when there is a delay in furnishing appellant a copy of the record. While finding no prejudice in this case, we do caution that codal controls of trial proceedings must be satisfied and delayed compliance must not become commonplace. Perceptions of justice contribute to justice itself.

The findings and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge DONOVAN concur.