UNITED STATES, Appellee,

v.

Private Pierce T. LOTT, U. S. Marine Corps, Appellant.

No. 35,469.   CMR 77 1847.

U. S. Court of Military Appeals.

July 7, 1980.

For Appellant: *Lieutenant Larry A. McCullough*, JAGC, USN (argued); *Lieutenant Commander William C. Henderson*, JAGC, USN (on brief); *Commander Carl H. Horst*, JAGC, USN.

For Appellee: *Major D. A. Higley*, USMC (argued); *Commander T. C. Watson, Jr.*, JAGC, USN (on brief); *Lieutenant Commander N. P. DeCarlo*, JAGC, USN.

Opinion of the Court

FLETCHER, Judge:

On July 1, 1977, the appellant was tried in Okinawa, Japan, by a special court-martial composed of a military judge alone. He pleaded guilty to several offenses in violation of the Uniform Code of Military Justice.[1] The military judge sentenced him to a bad-conduct discharge, confinement at hard labor for 3 months, and certain forfeitures for the same period. The United States Navy Court of Military Review affirmed the findings and sentence as approved below.[2]

---

1. These offenses were larceny, assault and battery, housebreaking, unlawful entry and impersonating a Naval Investigative Service (N.I.S.) agent, in violation of Articles 121, 128, 130 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 928, 930 and 934, respectively.

2. The convening authority approved the sentence but suspended execution of confinement in excess of 30 days. The officer exercising general court-martial jurisdiction over the appellant remitted all confinement in excess of 30 days.

■ The first granted issue concerns the failure of the military judge to conduct a guilty plea inquiry in strict accordance with the requirements of *United States v. Green*, 1 M.J. 453 (C.M.A.1976). Both parties to this appeal concede that the military judge did not expressly[3] obtain from counsel of the accused, as well as the prosecutor, their assurances that his interpretation of the agreement comported with their understanding of the meaning and effect of the plea bargain. Otherwise, the parties agree the plea bargain inquiry was proper. In light of the fact that these pleas were accepted prior to our decision in *United States v. King*, 3 M.J. 458 (C.M.A.1977), we find this assignment of error to be without merit. *See United States v. Crowley*, 7 M.J. 336 (C.M.A.1979).

■ The second granted issue concerns the authentication of this record of trial by the trial counsel. *See* Article 54(a), Uniform Code of Military Justice, 10 U.S.C. § 854(a), and paras. 82*f* and 83*a*, Manual for Courts-Martial, United States, 1969 (Revised edition). The appellant asserts that there was no emergency situation which justified this substitute authentication. *See United States v. Cruz-Rijos*, 1 M.J. 429, 431 (C.M.A.1976). We disagree. The absence of the military judge from the situs of trial at the time of authentication was a result of his permanent change of duty station orders to Quantico, Virginia. It was not a temporary absence from which the military judge could later return to the situs of trial in time for authentication. We also note that the military judge, in complying with a service regulation,[4] provided in the record of trial a sufficient explanation for the invocation of the absence provision of Article 54(a). *See United States v. Credit*, 4 M.J. 118, 119 (C.M.A. 1977). We also find this assignment of error to be without merit.

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge COOK concurs in the result.

---

3. The Government asserts that this omission was formalistic and that the substance of the plea bargain inquiry shows there was no disagreement by counsel.

4. Para. 7f, NAVJAGINST. 5813.4b.