**UNITED STATES**

v.

**Airman Charlie J. WHITE, FR 294–50–3080 United States Air Force.**

**ACM 23208.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 July 1981.

Decided 30 Oct. 1981.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Major Peter Reilly, USAFR.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The sole issue before this court concerns the authentication of this record of trial by trial counsel. *See* Article 54(a), Uniform Code of Military Justice, 10 U.S.C. § 854(a); Manual for Courts-Martial, United States, 1969 (Revised edition) paras 82f and 83a; *United States v. Cruz-Rijos*, 1 M.J. 429 (C.M.A.1976).

Just before the trial adjourned on 15 July 1981, the military judge announced he was to be permanently reassigned from the Sixth Judicial Circuit on 27 July 1981, and would leave on that date. He directed the trial counsel to authenticate the record in his absence pursuant to Article 54(a), Code, *supra;* when asked the defense counsel had no objection.

The record of trial was completed by 21 July and the defense counsel examined it on 24 July. The trial counsel authenticated the record making no *ex parte* corrections. The defense now contends since the military judge was still available on 24 July it was error for the trial counsel to authenticate the record of trial.*

In *United States v. Cruz-Rijos, supra,* the Court of Military Appeals sharply limited the circumstances in which the trial counsel could be used to authenticate a trial transcript. It struck down an Army rule permitting the trial counsel to act when the military judge would not be at the installation within 48 hours after a record was completed.

We held in *United States v. Zilch*, 7 M.J. 708 (A.F.C.M.R.1979), that a military judge who conducted trials on a temporary duty basis thousands of miles from his home circuit, and who had subsequently returned to that circuit once the trials were over, was permanently absent so that the trial counsel

---

* While the trial counsel did not date his authentication we presume it was accomplished on 24 July 1981, the day the defense counsel completed his examination.

could authenticate the record of trial. This was an "absence" within the meaning of Article 54(a), Code, *supra*.

In *United States v. Lott*, 9 M.J. 70 (C.M.A.1980), the military judge's absence due to a permanent change of assignment orders was sufficient basis to allow the trial counsel to authenticate the record.

■■■ The rule distilled from the decisions cited above is clear: once the military judge is *permanently* absent from the trial situs, the trial counsel may act in his stead to authenticate the transcript. Left unanswered is the question of precisely when a military judge, as a result of a reassignment, becomes permanently absent. Is he available to authenticate proceedings or read a record of trial until he boards an aircraft or drives out the gate? Can a record of trial be given him for authentication in the passenger terminal or while his household goods are being loaded on a moving van?

We think not. As Chief Judge Fletcher observed in *Cruz-Rijos*, supra ". . . the realities of present-day practice by trial judges must be considered." Few societies today are as mobile as the military; its members, including military judges, are constantly reassigned oftentimes on very short notice. These transfers carry with them considerable disruption in family life and professional affairs. Household goods are packed and shipped; quarters are cleared and a myriad of other details associated with a move are settled. It is unreasonable to expect a military judge to be available to authenticate a record until the instant he leaves the installation.

■■■ Accordingly, we hold where a military judge has received permanent change of assignment orders and his departure date has been established and is imminent, it is proper to allow the trial counsel to authenticate the record of trial. Especially so, where the defense has voiced no objection to the procedure, or to the record as authenticated. In these circumstances the military judge is "absent" within the meaning of Article 54(a), Code, *supra*. *See United States v. Lott, supra.*

The findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.