**UNITED STATES**

v.

**John F. WALKER, Jr., 199 48 6065, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 85 2514.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 1 April 1985.

Decided 15 Aug. 1985.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LT Gary K. Van Meter, JAGC, USNR, Appellate Defense Counsel.

MAJ J.S. Uberman, USMC, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MITCHELL and DeCARLO, JJ.

PER CURIAM:

We have examined the record of trial, the assignment of error, and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

The military judge's thirty-day authorized leave is not the brief absence contemplated by R.C.M. 1104(a)(2)(B) so that it was necessary to delay the post-trial proceedings until the military judge returned to authenticate the record. Rather this was a patently prolonged absence which triggers substitute authentication procedures under R.C.M. 1104(a)(2)(B). Even *United States v. Lott,* 9 M.J. 70 (C.M. A.1980), contemplates a timely authentication by the military judge. *United States v. Lott, supra,* at 71. *See also United States v. Cruz-Rijos,* 1 M.J. 429, 431 (C.M. A.1976). Even assuming error, the record of trial discloses that there were no corrections made thereto, much less the extensive corrections noted in *Cruz-Rijos.* The trial defense counsel examined the record prior to authentication and proposed no changes thereto. There is now no claim that the record of trial is inaccurate. In assessing the assumed error for prejudice, we find none. *See United States v. Skaar,* 20 M.J. 836 (NMCMR 1985) *(en banc ).* Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.