UNITED STATES

v.

**Miguel A. GALAVIZ, 564 13 3935, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 95 02136.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 11 July 1995.

Decided 21 Feb. 1997.

MAJ David S. Jonas, USMC, Appellate Defense Counsel.

CDR D.H. Myers, JAGC, USN, Appellate Government Counsel.

MAJ Stephen P. Finn, USMC, Appellate Government Counsel.

Before KEATING, CLARK and OLIVER, JJ.

CLARK, Senior Judge:

At his special court-martial, a military judge convicted the appellant, pursuant to his pleas, of two periods of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1994)[hereinafter UCMJ]. The convening authority approved the adjudged sentence of confinement for 70 days, reduction to pay grade E–1, and a bad-conduct discharge.

The first nine pages of the record of trial consist of the transcript of the initial Article 39(a) session, 10 U.S.C. § 839(a), conducted on 27 June 1995. The military judge, Lieutenant Colonel Hollerich, advised the appellant of his counsel rights, and this dialogue is recorded in accordance with *United States v. Donohew*, 18 C.M.A. 149, 39 C.M.R. 149, 1969 WL 5933 (1969). He also arraigned him on the Charge. The military judge did not authenticate this part of the record of trial. The trial counsel who was present during this session signed the authentication page, indicating that he had examined the record of trial. However, he did not include an explanation of why substitute authentication was necessary, as is required by RULE FOR COURTS-MARTIAL 1103(b)(3)(E), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.) [hereinafter R.C.M.].

Major Moye, a Reserve judge, conducted the remainder of the court-martial on 11 July 1995. He did not readvise the appellant of his counsel rights, but he elicited from the appellant an acknowledgment that he had been advised of his counsel rights and had elected to be represented by his detailed defense counsel. The court reporter authenticated this part of the record of trial, with an appropriate explanation in accordance with R.C.M. 1104(a)(2)(B). The court reporter who authenticated this portion of the record was not present for the initial Article 39(a) session.

Although the record was submitted for review without assignment of error, we were concerned about whether the transcript of the initial Article 39(a) session had been adequately authenticated. If it had not been, we were concerned about whether the entire record was sufficiently verbatim for review. Accordingly, we specified the following issues:

I

WHETHER THE SIGNATURE OF THE TRIAL COUNSEL WHO WAS PRESENT DURING THE SESSION, INDICATING THAT HE HAD EXAMINED THE RECORD OF TRIAL, CONSTITUTES AUTHENTICATION OF THAT PART OF THE RECORD OF TRIAL, WHERE NO EXPLANATION IS PROVIDED FOR THE SUBSTITUTE AUTHENTICATION?

II

WHETHER THE AUTHENTICATED PART OF THE RECORD OF TRIAL,

WHICH DOES NOT INCLUDE THE CONVENING ORDER, THE CHARGE SHEET, OR ADVICE TO THE APPELLANT AS TO HIS COUNSEL RIGHTS, IS COMPLETE FOR PURPOSES OF REVIEW BY THIS COURT UNDER UNIFORM CODE OF MILITARY JUSTICE, ARTICLE 66(c)?

▌ After carefully considering the briefs of the parties, we are satisfied that the record is sufficiently verbatim for review by this court. *See* R.C.M. 1103(b)(2)(B), Discussion. Although our conclusion is based upon our independent examination and evaluation of the record, we note that the appellant has not challenged the accuracy or completeness of the record. In fact, while specifically declining to "question the verbatim nature of the record," the appellant asserts that the record is "unsatisfactory" for purposes of review. Brief in response to court order on behalf of appellant at 7. We are not persuaded that "unsatisfactory" is the appropriate standard for our determining the reviewability of the record; indeed, it is not a sufficiently definite standard to apply. Consequently, we have analyzed the authentication issue in terms of whether the trial counsel's signature on the authentication page fulfilled the underlying purpose of Article 54(a), 10 U.S.C. § 854.

▌ The purpose of the Article 54(a), 10 U.S.C. § 854, provision is to provide a preferred order of authentication which will guarantee "absolute verity" to the record of trial. *United States v. Credit,* 4 M.J. 118, 119 (C.M.A.1977). This preference for authentication by the military judge is based on the perception that authentication by the military judge eliminates any appearance of impropriety, because of the military judge's presumed neutrality. *United States v. Cruz–Rijos,* 1 M.J. 429, 431 (C.M.A.1976).

▌ A qualified person who signs the authentication page of the record of trial declares that the record accurately reports the proceedings. R.C.M. 1104(a)(1). The signature constitutes authentication. *Id.* The trial counsel present at the end of the proceeding recorded is not only qualified to authenticate the record, but has a duty to prepare the record of the proceedings and to "cause those changes to be made which are necessary to report the proceedings accurately" pursuant to R.C.M. 1103(i)(1)(A). *See generally* R.C.M. 1104(a)(2)(B); Art. 38(a), UCMJ, 10 U.S.C. § 838(a); R.C.M. 1103(b)(1)(A); R.C.M. 1103(i)(1)(A). The trial counsel who signed the authentication page following the first nine pages of the appellant's record of trial was qualified to authenticate that part of the record. His signature effected the authentication sufficiently to satisfy this court as to the "absolute verity" of the record of trial.

▌ Neither Article 54(a), 10 U.S.C. § 54(a), nor R.C.M. 1104 requires that substitute authentications be explained. However, the discussion to R.C.M. 1104(a)(2)(B) states that such an explanation *should* be attached to the record of trial. R.C.M. 1104(a)(2)(B), Discussion (citing R.C.M. 1103(b)(3)(E)(emphasis added)). That provision of R.C.M. 1103 does not address the validity of the substitute authentication. It merely directs that an explanation of substitute authentication *shall* be attached to the record of trial. Therefore, explanation of the substitute authentication is neither a part of the verbatim transcript of the record of trial nor a part of the complete record of the trial. *See* R.C.M. 1103(b)(2)(B), (D). Its absence does not affect either the verbatim nature of the transcript or the completion of the record.

It was error to submit the record of trial without attaching an explanation for the substitute authentication. However, we find the error to be harmless.

In analyzing the nature and significance of the error, we find it somewhat analogous to a case in which this court held that a record of trial which was only partly authenticated need not be returned to the initial military judge for authentication of the first four pages. *See United States v. Robinson,* 24 M.J. 649, 654 (N.M.C.M.R.1987). Unlike in *Robinson* where some of the pages were not authenticated, in the appellant's case we find that the entire record of trial was authenticated. It would be incongruous of this court to find that an unexplained substitute authentication of part of a record of trial is

presumptively prejudicial when we did not find presumptive prejudice in a record of trial that was only partly authenticated. As in *Robinson*, this appellant has made no claim that the record is incomplete or inaccurate, nor did he raise the apparent lack of authentication before this court.

Once we specified the issues, it would have been preferable for the government to have moved to attach an explanation of the substitute authentication rather than attempt to defend an obvious error. Nevertheless, we find that the failure to attach the explanation does not *in this case* require returning the entire record for attachment of the explanation. As this court did in *Robinson*, we hold that requiring attachment of the explanation would elevate form over substance and would constitute an unnecessary interference with the appellant's interest in receiving a timely review of his case.

Accordingly, we affirm the findings and the sentence, as approved on review below.

Senior Judge KEATING and Judge OLIVER concur.