UNITED STATES

v.

Staff Sergeant (E–6) Richard Irvine WALKER, 281–34–4446, U. S. Army, 3d Military Police Company, 3d Infantry Division, APO 09036.

CM 432659.

U. S. Army Court of Military Review.

Sentence Adjudged 25 Oct. 1974.

Decided 10 Nov. 1975.

Appearances: Appellate counsel for the Accused: CPT Ralph E. Sharpe, JAGC; CPT Ronald Lewis Gallant, JAGC; LTC James Kucera, JAGC. Appellate counsel for the United States: CPT William A. McNutt, JAGC; MAJ Steven M. Werner, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

MITCHELL, Judge:

Pursuant to Article 69, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 869, The Acting Judge Advocate General of the Army on 28 February 1975, directed review of this case under the provisions of Article 66, UCMJ, 10 U.S.C. § 866.

The appellant was tried by a general court-martial on 23 and 25 October 1974. Pursuant to his pleas, he was convicted of presenting a false claim against the United States, and of conspiring to commit a fraud against the United States, in violation of Articles 132 and 81, Uniform Code of Military Justice, respectively. An additional charge alleging larceny was dismissed by the trial judge. A court which included enlisted members sentenced the appellant to confinement at hard labor for twenty-four months, forfeiture of $190.00 pay per month for twenty-four months and reduction to the grade of Private (E–1).

A summarized record of trial was prepared, but the military judge refused to authenticate it because it was not prepared in accordance with paragraph 82 of the Manual for Courts-Martial, United States, 1969 (Revised edition),[1] in that it was not verbatim. The trial counsel then appended a document styled "Certificate in Lieu of Authentication" in which he stated that he had examined the record of trial and found it to be a "true and accurate summary of that proceeding."

Subsequently the staff judge advocate in his post-trial review advised the convening authority that should he approve only the findings and disapprove the sentence a verbatim record would not be required.[2] He further advised the convening authority that, in his opinion, the trial counsel's certificate in lieu of the military judge's authentication, substantially complied with the requirements of paragraph 82, MCM, 1969 (Rev.), *supra*.[3]

On the same day, 6 December 1974, the convening authority took his action in the case, in which he approved the findings of guilty but disapproved the sentence. On 18 February 1975, more than two months later, the military judge forwarded a memorandum in which he stated that although the record was not prepared in accordance with paragraph 82f of the *Manual*, his examination reveals that it "accurately reflects, in summarized fashion, the proceedings at trial. No matter affecting the rights of the accused has been omitted."

Counsel for appellant at this level assert that the convening authority erred by taking his action on an unauthenticated record of trial thereby rendering his action a nullity. They further contend that this Court "can reach no decision, nor act with regard to findings and sentence, because to this day there is yet no official record of trial, and therefore, no validly approved findings or sentence. Article 66(c), UCMJ." Finally defense appellate counsel contend that appellant has been deprived of a full and informed review and action by the convening authority and further appellate review because of the failure to provide a verbatim record of trial. Counsel for the Government concede that final action was taken upon a then unauthenticated record thereby requiring a new post-trial review and action. They insist, however, that the summarized record which has now been authenticated by the military judge is legally sufficient and a verbatim record unnecessary

1. Hereinafter referred to as *Manual.*

2. Article 54(a), UCMJ, (Record of Trial), states: "Each general court-martial shall keep a separate record of the proceedings in each case brought before it, and the record shall be authenticated by the signature of the military judge. If the record cannot be authenticated by the military judge by reason of his death, disability, or absence, it shall be authenticated by the signature of the trial counsel . . . .."

3. Paragraph 82f, MCM, 1969 (Rev.), (Authentication) provides: "The record in each case shall be authenticated by the signature of the military judge who was actually present at the conclusion of the proceedings. If the record cannot be authenticated by the military judge by reason of his death, disability or absence, it shall be authenticated by the signature of the trial counsel who was actually present at the conclusion of the proceedings . . . .."

because *no sentence* was *approved* by the convening authority, thereby eliminating any possibility of prejudice to the appellant.

■ On the question of authentication we agree with counsel for both sides that the convening authority's final action was based upon an unauthenticated record. Paragraph 39*f* of the *Manual* clearly requires that the military judge who was present at the conclusion of the proceedings in a case will authenticate the record of trial. It also provides that the record may be authenticated by the trial counsel, but only if the record cannot be authenticated by the military judge *by reason of his death, disability or absence.* Paragraph 82*f, ibid.* (Emphasis added.)

In *United States v. Hill*, 22 U.S.C.M.A. 419, 47 C.M.R. 397 (1973), Judge Quinn, speaking for the Court stated:

"Combined, the Code and the Manual leave no doubt that the record of trial must be authenticated by a proper person before it is forwarded to the convening authority for his action. The requirement for authentication is, in fact, so longstanding that almost a quarter of a century ago the Judge Advocate General of the Army ruled that 'there is no record of trial until the record has been properly authenticated.' CSJAGO, February 11, 1950, 'Common Errors or Irregularities Appearing In Records of Trial,' cited in *United States v. Stewart*, CM 417380 (A.B.R. August 14, 1968)."

■ The military judge was unequivocal in his refusal to authenticate the record prior to its submission to the convening authority for his final action. We hold that, absent the happening of any of the circumstances enumerated in paragraph 82*f, Manual*, the purported authentication by trial counsel is of no effect. Accordingly, we hold that both the staff judge advocate's post-trial review and the convening authority's final action were based upon an unauthenticated record and therefore they have no legal validity. *United States v. Roach*, 39 C.M.R. 739 (1968), and *United*

*States v. Banks*, 44 C.M.R. 667 (1971). Additionally we recognize that Article 66(c), UCMJ, *supra*, provides that this Court may act only with respect to the *findings* and sentence as approved by the convening authority. (Emphasis added.)

■ It follows, therefore, that since the convening authority's action on the case regarding the *findings* as well as the sentence was a nullity we do not have before us an official record of trial upon which to exercise our statutory obligations under Article 66(c), UCMJ, *supra*.

We agree that an approved conviction based upon a plea of guilty with a disapproval by the convening authority, of the entire sentence, presents a unique legal issue concerning the need of a verbatim record of trial for our appellate review.

An accused's right to a verbatim record of his trial proceedings is a substantial one well-grounded in military law. Article 54(a), UCMJ, 10 United States Code § 854(a); Paragraph 82*b* of the *Manual* (Our footnotes 2 and 3, *supra*). *See, e. g., United States v. Nelson*, 3 U.S.C.M.A. 482, 486, 13 C.M.R. 38, 42 (1953); *accord United States v. Weber*, 20 U.S.C.M.A. 82, 42 C.M.R. 274 (1970). Although 28 United States Code § 753(b) (1965) requires a verbatim recording of the trial proceedings in the civilian jurisdictions, it has been held that the failure to comply with this statutory requirement did not constitute reversible error if it was sufficiently complete as not to frustrate "a fair review upon appeal." [4]

■ In the case at bar we are concerned with a general court-martial proceeding wherein a "verbatim recording of the trial" is required. Paragraph 78, *Manual*. It is clear from the record that a reporter was detailed and sworn and in fact a disc or tape verbatim recording of all the proceedings was accomplished. We realize that not every general court-martial proceeding recorded verbatim must be transcribed verbatim for review. If the sentence *adjudged* does not include a discharge and is not in excess of that which can otherwise be ad-

4. *United States v. Robinson*, 459 F.2d 1164 (D.C. Cir. 1972).

judged by a special court-martial, the record need only contain a summary of the trial proceedings. Paragraph 82*b* and 83*b* of the *Manual*; Article 54(a), UCMJ. Because the adjudged sentence in the case at bar exceeded that which could have been adjudged by a special court-martial the failure to provide a verbatim transcript was error. *United States v. Thompson*, 22 U.S. C.M.A. 448, 47 C.M.R. 489 (1973); *United States v. Stevenson*, 49 C.M.R. 409 (A.C. M.R. 1974).

In view of our holding that the convening authority's action is a nullity requiring that the record be returned for a review and action, we must now determine what type of record of the trial proceedings is acceptable for use by the staff judge advocate and the convening authority while performing their respective duties.

In *United States v. Thompson, supra*, the Court of Military Appeals held that this Court may require a verbatim record or in the alternative properly cure the error of failing to prepare a verbatim record of trial of a general court-martial by affirming a sentence no greater than that which could be adjudged by a special court-martial, so long as the summarized record is adequate to permit informed review. *See United States v. Randall*, 22 U.S.C.M.A. 591, 48 C.M.R. 215 (1974), and *United States v. Whitman*, 3 U.S.C.M.A. 179, 11 C.M.R. 179 (1953).

Government appellate counsel relying upon *Thompson* argue that in view of the fact that the convening authority approved no sentence there is no need of a verbatim record. They urge us to adopt the principle of the "pragmatic solution" by allowing the summarized record to be the official record to be reviewed by the staff judge advocate and convening authority while considering anew the findings and the sentence as adjudged by the court-martial, and conceivably leave it to this Court to cure the error by appropriate reassessment, should it again be before us. We cannot agree. To do so would permissively perpetuate an er-

ror which, in our view, should have been corrected at the trial level prior to the initial review and action. Clearly the mandate of The Uniform Code of Military Justice and authorized supplementary regulations must be honored by those who convene the court-martial and prepare the record of trial.

Although it is contended by government counsel that the summarized record in its present posture possesses "sufficient completeness" to meet the general standard for review, we cannot in good conscience ignore the military judge's original unequivocal refusal to authenticate. We feel his post-review and action authentication of the record raises a fair risk of being interpretative of "pragmatic sanction" once the sentence had been disapproved and appellant separated by an administrative undesirable discharge.[5]

When a record of trial is properly referred to this Court by The Judge Advocate General under provisions of Article 66(c), UCMJ, *supra*, we are required to review the entire record which includes the approved conviction as well as the approved sentence. We hold, therefore, that the convening authority's disapproval of the sentence, in toto, in no way altered or diminished appellant's right to have the approved findings of guilty judicially reviewed.

In our view the interest of conserving judicial time and effort and additional transcription costs to obtain a verbatim record do not outweigh our considered reluctance to find the summarized record sufficiently complete to permit an informed review by either the convening authority and his staff judge advocate or by this Court; should it again reach this level, particularly in view of its prior history of judicially rejected acceptability. The possible specter of rationalized expediency at the expense of an established orderly review process must be jealously guarded against at all levels of our judicial system. Therefore, we hold that the inclusion of a verbatim record, in

---

5. Twenty-seven days prior to the convening authority's post-trial review and action appellant was discharged under provisions of Chapter 10, Army Regulation 635–200.

this case, is the most appropriate means of insuring a full and informed review.

Accordingly, the purported action of the convening authority, dated 6 December 1974, being null and void is of no force and effect. The record of trial is returned to The Judge Advocate General for a new review and action by the same or different staff judge advocate and convening authority; said review and action to be taken upon a properly authenticated verbatim record of trial.

The foregoing directions are entered without prejudice to the right of the desig-nated convening authority to take appropriate action to dismiss the charges if he deems the preparation of a verbatim record to be impracticable.

Senior Judge CARNE and Judge MOUNTS concur.