**UNITED STATES**

v.

Private (E–2) Steven R. MYERS, 293–52–4438, US Army, Personnel Control Facility, United States Army Signal Center and Fort Gordon, Fort Gordon, Georgia.

CM 434379.

U. S. Army Court of Military Review.

Sentence Adjudged 13 Jan. 1976.

Decided 15 Sept. 1976.

Appellate Counsel for the Accused: CPT Barry J. Wendt, JAGC; CPT John R. Osgood, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Conrad J. Rybicki, JAGC; CPT William C. Kirk, JAGC; CPT John F. DePue, JAGC; MAJ Steven M. Werner, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant, pursuant to his pleas, was tried and convicted by a military judge sitting as a general court-martial of desertion and absence without leave in violation of Articles 85 and 86, Uniform Code of Military Justice (UCMJ) (10 U.S.C. §§ 885 and 886) and received the sentence set forth above.

On appeal appellant alleges, among others, that error was committed during his trial in that the trial counsel didn't swear the substitute court reporter in the instant case nor did he announce that she had been previously sworn, and further, that the record of trial was improperly authenticated by the trial counsel in the absence of the military judge.

■ The record of trial in the instant case does not reflect that the substitute court reporter, Mrs. Mildred Saunders, was sworn.

The court will take judicial notice of the authenticated records of trial in the cases of *United States v. Kelley,* No. 434187, and *United States v. Brown,* No. 434109, which are currently on file in the office of the Clerk of this Court.

Both of the above enumerated cases were tried prior to the appellant's case. Mrs. Mildred Saunders was the detailed court reporter in both cases and in each record of trial, the trial counsel announced that Mrs. Saunders had been previously sworn. The Court is convinced beyond a reasonable doubt that Mrs. Saunders had been properly sworn prior to the appellant's trial and that the trial counsel's failure to announce that fact for the record was an oversight. Accordingly, we find no prejudicial error.

With regard to the second enumerated error, we note that the record of trial indicates that the case was tried before Judge Joe Woodward and the trial terminated on 13 January 1976. The record further reflects that the trial counsel "authenticated" the record of trial on 22 January 1976 with the following comment:

"Military Judge directed trial counsel authenticate the record of trial due to his absence and being located at another duty station requiring more than 48 hours for delivery, authentication and return of record. Auth.: para. 82f, MCM, US, 1969 and US Army Judiciary Military Judge Memo 82, Dated 7 March 1973."

The trial judge in the instant case was assigned to the Second Judicial Circuit and stationed at Fort Bragg, North Carolina. The situs of trial was Fort Gordon, Georgia.

Article 54(b), UCMJ, and paragraph 82f of the Manual [1] permit the trial counsel to authenticate records of trial in the "absence" of the military judge.

Recently, the United States Court of Military Appeals limited the application of this authority to emergency situations. [2] The court believed that the military judge should normally authenticate the record of trial in order to insure the verity of the record, the integrity of the judicial process and to preclude perceptions of impropriety in the authentication process. The court specifically refused to sanction the 48-hour rule created by Military Judge Memorandum Number 82.

■ Here, there has been no showing that the trial judge was not otherwise available even though not stationed at the situs of the trial nor has there been any showing that an emergency situation existed such as a potential violation of the *Dunlap* speedy disposition standard [3] which would warrant the trial counsel authenticating the record of trial in lieu of the trial judge. [4]

We are not unmindful of the fact that the trial counsel acted in authenticating the record of trial upon the instructions of the military judge. However, as the court noted in *Cruz-Rijos, supra,* [5] "without casting aspersions on the integrity of the trial counsel, it nevertheless must be remembered that his primary function is that of a partisan advocate. Thus, to eliminate any appearance of impropriety, the judicial inclination necessarily leans toward restricting his performance of judicial functions to emergency situations. Indeed, the 'death, disability or absence' language of paragraph 82f of the Manual lends itself to such an interpretation even though, out of context, the word 'absence' might have a far

1. Paragraph 82f, Manual for Courts-Martial, United States, 1969 (Revised edition).

2. *United States v. Cruz-Rijos,* 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976).

3. *Id. Also see Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

4. We note that the trial terminated on 13 January 1976. The purported authentication took place nine days later on 22 January 1976. Obviously, there was plenty of time available to forward the record of trial by mail to the military judge for authentication.

5. *United States v. Cruz-Rijos, supra,* 24 U.S.C. M.A. at page 273, 51 C.M.R. 723, 1 M.J. at 431.

broader meaning." Accordingly, we hold "that the absence provision of paragraph 82 f, MCM, was impermissibly invoked by the trial counsel" in this case.[6]

The other assignments of error have been considered and are deemed to be without merit.

The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General of the Army for a proper authentication and a new review and action by the same or a different convening authority.

Senior Judge BAILEY and Judge COOK concur.

---

6. *United States v. Cruz-Rijos, supra,* 1 M.J. at page 431.