**UNITED STATES**

v.

**Sergeant Levern CREDIT, FR 429–04–4836, United States Air Force.**

**ACM 21959 (f rev).**

U. S. Air Force Court of Military Review.

1 Dec. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Thomas S. Markiewicz, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain James R. Van Orsdol.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

PER CURIAM:

This case is presented to us once again, with essentially the same issues decided in our opinion written by Senior Judge Roberts, *United States v. Credit*, 2 M.J. 631 (A.F.C.M.R.1976). The United States Court of Military Appeals reversed that decision and returned the record to The Judge Advocate General for remand to obtain proper authentication, a new review and a new action by a convening authority. *United States v. Credit*, 4 M.J. 118 (C.M.A.1977).

Appellate defense counsel cite recent cases for additional support of their assignments of error, and call our attention to the comments of trial defense counsel in his response to the post-trial review. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). The latter were adequately discussed in an addendum to the post-trial review by the staff judge advocate. Four of the errors assigned on appeal were fully treated in our previous opinion and warrant no further discussion.

■ The first of the two issues for which counsel cite recent authority is that the military judge erroneously denied the defense request for subpoena or deposition of the laboratory analyst. *United States v. Trottier*, 4 M.J. 916 (A.F.C.M.R.1978) and *United States v. Phillippy*, 2 M.J. 297 (A.F. C.M.R.1976). The *Trottier* case is not supportive of the defense position; in *Phillippy*, this court held that the witness in that case was called for a material purpose. For the reasons stated in our earlier decision in this case, we reiterate that the testimony proposed to be elicited from the laboratory

analyst was not material to the issues presented. *United States v. Credit*, supra at pages 647–48.

 Finally, we have considered the recent cases of the United States Court of Military Appeals which appellate defense counsel assert "eclipse" our earlier decision regarding reputation witnesses, to wit, *United States v. Williams*, 3 M.J. 239 (C.M.A.1977); *United States v. Jouan*, 3 M.J. 136 (C.M.A.1977), and *United States v. Willis*, 3 M.J. 94 (C.M.A.1977). We find nothing in those decisions which alters the lack of materiality of the proposed testimony of these requested witnesses. Once again, Senior Judge Roberts' opinion clearly sets forth the rationale underlying our decision that

evidence of the accused's former peaceable and non-violent reputation would be of no factual significance with respect to his guilt. *United States v. Credit*, supra at page 649.

For the foregoing reasons, the findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.