**UNITED STATES**

v.

Kenneth L. CARMICHAEL, 263 25 9852, Airman Recruit (E–1), U. S. Naval Reserve.

NCM 78 1428.

U. S. Navy Court of Military Review.

Sentence Adjudged 28 June 1978.

Decided 26 March 1980.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and MICHEL, JJ.

BAUM, Senior Judge:

Appellant was tried at a general court-martial, before military judge alone, on 25 April 1978. Apparently, after the trial was completed it was discovered for the first time that portions of the argument by counsel on sentence were not recorded. These missing portions were noted by the reporter in the record of trial. Everything before and after this notation, however, appears to be a verbatim transcription of the trial through sentencing.

On 27 June 1978 the military judge signed the following authentication statement which was inserted between pages 37 and 38 of the 52-page record of trial:

Authentication of Record of Trial

in the case of

Airman Recruit Kenneth L. Carmichael, U. S. Navy

The Manual for Courts-Martial 1969 (Revised) paragraph 82 provides that the person authenticating the record of trial is responsible for its accuracy. Paragraph 82b also provides that in cases of this nature the proceedings shall be set forth in a verbatim transcript. Paragraph 82b(4) also provides that arguments and statements of counsel made during the trial shall be set forth verbatim in the record.

The record of trial, page 49, indicates that due to a malfunction of the recorder counsels' argument on sentence were not reported. Therefore, the record is only authenticated up through findings.

/s/Charles D. Pierce
CHARLES D. PIERCE
CDR, JAGC, USN
Military Judge
27 June 1978
Date

The subsequent action by the convening authority, dated June 28, 1978, appears in the record immediately after the purported authentication:

ACTION OF THE CONVENING AUTHORITY

COMMANDER SEA BASED ASW WINGS ATLANTIC BOX 102

NAVAL AIR STATION, JACKSON-VILLE, FLORIDA 32212

June 28, 1978

In the foregoing general court-martial case of Airman Recruit (E–1) Kenneth L. CARMICHAEL, U. S. Navy, 263 25 9852, convened by Commander Sea Based ASW Wings Atlantic and tried on 25 April 1978, the findings of guilty are approved.

Due to the malfunction of the recording equipment, a portion of the trial counsel's

argument, all of the defense counsel's argument and all of trial counsel's argument in rebuttal were not recorded. For this reason, the sentence is disapproved and a rehearing as to sentence only is ordered before another court-martial to be hereafter designated.

/s/R. W. Carius
R. W. CARIUS
Rear Admiral, U. S. Navy
Commander Sea Based
ASW Wings Atlantic

No written advice from the convening authority's staff judge advocate relating to this action appears in the record; Government counsel acknowledges that the staff judge advocate did not at this stage prepare a review of the court-martial pursuant to Article 61, Uniform Code of Military Justice, 10 U.S.C. § 861 (UCMJ), and paragraph 85, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). A rehearing on sentence was held on the same day as the convening authority's action and resulted in a bad-conduct discharge, confinement at hard labor for 13 months and forfeiture of $340.00 per month for 13 months. The convening authority on 19 September 1978, this time after written advice from his staff judge advocate, approved a bad-conduct discharge, confinement at hard labor for 13 months and forfeiture of $250.00 per month for 10 months.

Two important issues are raised by these facts: (1) Whether there was a properly authenticated record of trial on which the convening authority could take his action of 28 June 1978, and (2) assuming there was such an authenticated record, or that failure to authenticate did not prevent the convening authority from acting on the record, whether legal effect can be given to the action of 28 June 1978 which purported to approve the findings of guilty and order a rehearing on the sentence, when there was no compliance with Article 61, UCMJ, and paragraph 85, MCM. We find that there was neither a properly authenticated

record on 27 June 1978 nor a legally effective action by the convening authority on 28 June 1978.

Article 54, UCMJ, 10 U.S.C. § 854, and paragraph 82*f*, MCM, set forth the requirement and procedure for authenticating a record of trial before forwarding it for review. A properly authenticated record in compliance with these provisions is essential for purposes of final review and action on a case. *United States v. Hill*, 22 U.S.C.M.A. 419, 47 C.M.R. 397 (1973). As stated in *Hill*:

Combined, the Code and the Manual leave no doubt that the record of trial must be authenticated by a proper person before it is forwarded to the convening authority for his action. The requirement for authentication is, in fact, so longstanding that almost a quarter of a century ago the Judge Advocate General of the Army ruled that 'there is no record of trial until the record has been properly authenticated.'[1]

In the instant case, the military judge purported to authenticate the record only "up through findings." There was thus no authenticated record of trial through sentencing available to the convening authority for action, which means that there was no record with a sentence for the convening authority to disapprove and order a rehearing upon, and no authenticated sentence to provide a maximum sentence limitation at the rehearing.

Paragraph 82*i*, MCM, sets forth the proper procedure which should have been followed in this case upon discovery of a loss of recordings of the proceedings. The convening authority should have been fully informed of the facts and unless he directed otherwise, the record should have been prepared "following, as nearly as practicable, the form of record prescribed in [MCM] appendices 8 and 9." Thereafter, the complete record should have been authenticated by the military judge, the omis-

---

1. 22 U.S.C.M.A. at 420, 47 C.M.R. at 398–9. See also *United States v. Kaag*, 23 U.S.C.M.A. 160, 48 C.M.R. 776 (1974).

sion notwithstanding. While the record of a general court-martial should be verbatim, the fact that it is not verbatim may be cured by sentence reassessment and approval of a sentence no greater than that which could be adjudged in a special court-martial. *United States v. Thompson,* 22 U.S.C. M.A. 448, 47 C.M.R. 489 (1973). If *substantial* portions are missing, a rehearing may be authorized. *United States v. Boxdale,* 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973); *United States v. Webb,* 23 U.S.C.M.A. 333, 49 C.M.R. 667 (1975).

 The convening authority in this case should have been provided with a complete record of trial through sentencing properly authenticated, and upon its receipt should have referred the record to the staff judge advocate for his written advice pursuant to Article 61, UCMJ, and paragraph 85, MCM. That advice not only should have addressed the findings of guilty, providing a basis for the convening authority's approval, but it also should have explained the options available with respect to the sentence. If the portions missing from the record were insubstantial, the record could have been deemed verbatim for purposes of supporting a punitive discharge. *United States v. Boxdale, supra; United States v. Donati,* 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963); *United States v. Nelson,* 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953). Otherwise, the convening authority could have approved a sentence within the maximum limits authorized for a special court-martial, although not extending to a bad-conduct discharge, *United States v. Thompson, supra; United States v. Randall,* 22 U.S.C.M.A. 591, 48 C.M.R. 215 (1974), or he could have ordered a rehearing. *United States v. Boxdale, supra; United States v. Webb, supra.* A general court-martial authority must receive the written advice of his staff judge advocate before he may take action on a record of trial by general court-martial. Article 61, UCMJ; *United States v. Cansdale,* 7 M.J. 143 (C.M.A.1979). Since that advice was not provided in this case, we find that the convening authority's action of 28 June 1978 was a nullity. Accordingly, there was no legal basis for conducting a rehearing

and the proceedings and action subsequent to 28 June 1978 are without effect.

In light of the foregoing, the rehearing on sentence and subsequent action by the convening authority are set aside. The record of trial is returned for proper authentication of the proceedings completed on 25 April 1978, reference to a staff judge advocate for written advice, and appropriate action by a general court-martial authority.

Judge PRICE and Judge MICHEL, concur.