**UNITED STATES, Appellee,**

v.

**Specialist Four Edwardo P. MARTINEZ, 464–43–6093, United States Army, Appellant.**

**ACMR 8801341.**

U.S. Army Court of Military Review.

30 Nov. 1988.

For Appellant: Major Kathleen A. Vanderboom, JAGC, Captain Lida A.S. Savonarola, JAGC, Captain Thomas M. Hollenhorst, JAGC–USAR (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC.

Before HOLDAWAY, THORNOCK, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

The appellant was arraigned at an Article 39(a) session[1] where his trial forum options were fully explained by the military

---

1. Uniform Code of Military Justice, 10 U.S.C. § 839(a) (1982) [hereinafter UCMJ]. After charges have been referred for trial and served on an accused, the military judge may call the court into session for the purpose of arraigning the accused and receiving his pleas. *See* UCMJ art. 39(a)(3); Army Regulation 27–10, Legal Services: Military Justice, para. 5–22 (1 July 1984).

judge.[2] The appellant deferred deciding on a trial forum since his civilian counsel was not present. He also declined to plead. The arraignment was completed and the session was adjourned.

More than a month later, at the next court session, a different military judge presided. Without inquiring about the appellant's election regarding the court-martial's composition, the second judge received the appellant's pleas of guilty,[3] found the pleas provident, entered findings, and proceeded with a bench trial on sentencing. Although never referred to during the trial, a request for trial by judge alone is attached to the record as an appellate exhibit.[4]

■ Notwithstanding the fact that this case was submitted to us on its merits, we are disturbed by the military judge's failure to ascertain from the appellant on the record that the request for a bench trial was understandingly made. Under the circumstances, however, we conclude that the appellant understood his right to a trial by members at the time he requested trial by judge alone. Regardless, we dislike the procedure used in this case and strongly discourage its continued use. Specifically, if an accused defers his decision concerning the court's composition at an arraignment session, the military judge who presides over the ensuing court session, be he the same or a different judge, should assure on the record that the accused understands

the composition of the court-martial that will try him. In this situation, we suggest that trial judges use an abbreviated version of the procedures set forth in paragraphs 2–6 and 2–7 of the Military Judges' Benchbook,[5] eliciting responses directly from the accused. This should leave no room for doubt concerning whether an accused understands his trial forum rights and is exercising them knowingly.

■ While we disapprove of the procedure used in the instant case, our analysis of the facts and the applicable court-martial rule persuades us it is not error. Upon receiving a timely request for a bench trial, the military judge is required to determine if an accused has consulted with his defense counsel and been informed of the judge's identity and of his right to a trial by members. A bench trial is contingent on the military judge's approval of the request. The request itself must be in writing or made orally on the record. R.C.M. 903(b)(2) and (c)(2). The discussion of R.C.M. 903(c)(2)(B) states that "ordinarily" a military judge should personally inquire of the accused to assure that his waiver of a trial by members was knowingly and understandingly made. It then states that the judge's "[f]ailure to do so is not error ... *where such knowledge and understanding otherwise appear on the record.*" (Emphasis added.)

■ Here, in finding that the second judge did not err, it is significant that the

2. An accused may elect to request trial by judge alone or to be tried by a court-martial whose membership includes enlisted members. Such requests must either be in writing or made orally on the record. Otherwise, an accused will be tried by a court-martial composed of officer members. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 903 [hereinafter R.C.M.].

3. The most serious of the charges against the appellant was attempted murder. He pled guilty to the lesser included offense of aggravated assault, as well as to a separate charge of resisting apprehension. These latter two offenses were the only offenses of which he was convicted. The military judge sentenced him to a dishonorable discharge, four years confinement, total forfeitures, and reduction to Private E–1. Pursuant to the pretrial agreement, the convening authority reduced the term of con-

finement to thirty-six months and otherwise approved the sentence.

4. DD Form 1722, Oct 84. This form reflects that the appellant was informed of the name of the second military judge and that, with full knowledge of his right to be tried by a court composed of officer or officer and enlisted members, he requested trial by judge alone. Further, the appellant's civilian defense counsel confirms on the form that he advised his client of the right to be tried by members. The military judge's approval of the request is the last entry. In addition to the military judge's signature approving the request, it bears the signatures of both the appellant and his civilian counsel.

5. Department of the Army Pamphlet 27–9 (C1, 15 February 1985).

appellant made a written rather than an oral request. Because of this and the fact that the request was made on a DD Form 1722 (see n. 4, *supra*), we are satisfied that: (1) the appellant knew of his right to be tried by a court-martial composed of members, (2) knew the identity of the second military judge, and (3) consulted with his civilian counsel before requesting trial by judge alone. Relying primarily on this written request,[6] we find the requirements of R.C.M. 903 were met and, more importantly, that the appellant understandingly waived his right to a trial by members. As pointed out by the United States Court of Military Appeals, it is the request for a bench trial which is the basis for an accused's waiver of his statutory right to a trial by members. *United States v. Jenkins*, 42 C.M.R. 304, 307 (C.M.A.1970). Thus, "[t]he absence of [an accused's] objection to the military judge's not assuring himself the request was understandingly made is but a waiver of such assurance by the judge, not a waiver of the basic right itself." *Id.* at 307.

We recognize that there is no constitutional, statutory, or even executive provision which requires a military judge, upon receiving a request for a bench trial, to initiate a personal dialogue with the accused about forum rights and choices. Nevertheless, the judge's personal inquiry of the accused concerning these matters is good practice because it avoids the potential for error. *See* Manual for Courts–Martial, United States, 1984, Analysis of R.C.M. 903, App. 21, A21–46. Consequently, it is the practice preferred by this court. If followed and the judge personally questions the accused who requests a bench trial, it should be clear from the record that the accused *knows his forum rights* and understandingly made his choice of a trial forum.

We also note that the record of trial consisted of sixty pages, the first fifteen pages of which were not authenticated. These pages are a transcription of the initial Article 39(a) session wherein the appellant was arraigned by a military judge other than the judge who subsequently presided over the remainder of the trial. The entire record now has been properly authenticated. However, where more than one military judge presides over a single trial, it is the responsibility of each judge to authenticate that portion of the record of the proceedings over which he presided. If a military judge is not available to authenticate a record or a portion thereof, substitute authentication is authorized. *See* UCMJ art. 54, 10 U.S.C. § 854; R.C.M. 1104(a); *see also United States v. Credit*, 4 M.J. 118 (C.M.A.1977), *appeal after remand*, 6 M.J. 719 (A.F.C.M.R.1978), *aff'd*, 8 M.J. 190 (C.M.A.1980). The previously unauthenticated portion of the record is no more than the transcription of a simple, straightforward arraignment.[7] No motions were made and the appellant did not plead. Further, the belated substitute authentication did not result in any changes to the record. Thus, under the circumstances, we find that the appellant suffered no prejudice from the delayed authentication of the first fifteen pages of the record of trial.

The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Senior Judge THORNOCK concur.

---

6. While we are mindful that the appellant received an explanation of his forum rights when he was arraigned, we attach little significance to this earlier explanation since it occurred more than a month before the next trial session.

7. Technically, the arraignment was not completed during the Article 39(a) session because the appellant was not called upon to plead. *See* R.C.M. 904 and the discussion thereto.