**UNITED STATES, Appellee,**

v.

**Sergeant Michael G. BATISTE,
458–06–8278 United States
Army, Appellant.**

**ACMR 9101462.**

U.S. Army Court of Military Review.

23 Sept. 1992.

For Appellant: Captain Michael P. Moran, JAGC, Captain Teresa L. Norris, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Two issues have been presented by this appeal: 1) Whether it was proper for the trial counsel to authenticate the record of trial pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1104(a)(2)(B) [hereinafter R.C.M.] because one of the military judges hearing the case was on leave; and 2) If not, whether a post-trial affidavit from the judge in which he attested, "I have examined the original record of trial in this case and have found it to be an accurate transcription of the subject case," sufficed to meet the authentication requirement. For the reasons set forth below, we answer both questions in the negative.

The undisputed facts of the case reveal that the appellant was arraigned by a military judge on two specifications alleging wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1982 and Supp. V 1987). Two weeks later, a different military judge accepted his pleas of guilty and sentenced him to a bad-conduct discharge, confinement for four months, partial forfeiture of pay for four months, and reduction to Private E1. The first judge signed the authentication to the record; the second judge did not, but permitted the trial counsel to do so in his absence as he was on leave.

Rule for Courts–Martial 1104 provides that authentication of records of trial should normally be accomplished by the military judge who presided over the trial. The purpose of this procedural mandate is "to insure the verity of the record, the integrity of the judicial process and to preclude perceptions of impropriety in the authentication process." *United States v. Myers*, 2 M.J. 979 (A.C.M.R.1976) (citing *United States v. Cruz–Rijos*, 1 M.J. 429 (C.M.A.1976)); *see also United States v. Credit*, 4 M.J. 118 (C.M.A.1977). The rule also provides that substitute authentication

by, among others, trial counsel, is authorized only in emergencies such as death, disability or prolonged absence of the military judge. It is not justified by brief, temporary absences of the trial judge. R.C.M. 1104(a), discussion.

 In the instant case, the trial counsel, with the concurrence of the military judge, authenticated the record of trial on 1 August 1991 because the judge was on leave within the continental United States from 10 July to 15 August 1991. We hold that this amounts to no more than a temporary absence and therefore does not justify use of the substitute authentication procedure.[1] Although counsel employed the substitute procedure with the concurrence of the trial judge, our precedents do not permit us to countenance the violation of the Manual. *Myers*, 2 M.J. at 980.

 We note that substitute authentication is permissible to avoid unreasonable post-trial delay to the appellant's prejudice. *See United States v. Banks*, 7 M.J. 92 (C.M.A.1979). However, under the circumstances of this case, the reasonableness of the post-trial delay is not in issue and does not furnish a basis for violating the rule. Nor do we agree, as the government suggests, that the appellant was not prejudiced either because the transcription involved *pro forma* matters or because no changes were made to the record. *See United States v. Martinez*, 27 M.J. 730 (A.C.M.R. 1988). The unauthenticated portion of the record concerned the substantive proceedings in their entirety to include the providence inquiry, findings, and sentence—

factors that distinguish this case from *Martinez*.

 We also hold that the military judge's affidavit is insufficient to effect authentication after the fact. Public confidence in the accuracy and impartiality of records of trial outweighs the slight burden placed upon the government and judiciary of complying with the procedures set forth in the Manual for Courts–Martial. *See United States v. Hill*, 47 C.M.R. 397 (C.M.A.1973). Moreover, since the affidavit from the judge post-dates the staff judge advocate's recommendation to the convening authority and the convening authority's action, those actions are also invalid as they were not based on an authenticated record. *United States v. Walker*, 1 M.J. 907 (A.C.M.R.1975) (citing *United States v. Banks*, 44 C.M.R. 667 (C.M.A. 1971) and *United States v. Roach*, 39 C.M.R. 739 (C.M.A.1968)).

Accordingly, the action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General for remand to the same or a different convening authority to obtain proper authentication of the record and a new recommendation and action.

Senior Judge JOHNSON and Judge GRAVELLE concur.

---

1. We are cognizant of the decision of the United States Navy–Marine Corps Court of Military Review holding that a military judge's thirty-day authorized leave is a prolonged absence sufficient to permit substitute authentication. *United States v. Walker*, 20 M.J. 971 (N.M.C.M.R. 1985). We find that case factually distinguishable as the military judge here was due to return from leave fifteen days after the record was authenticated.