**UNITED STATES**

v.

**Isauro A. VIBAL, 560 15 6299
Personnelman First Class
(E–6), U.S. Naval Reserve.**

**NMCM 91 3316.**

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 10 Sept. 1991.

Decided 27 Jan. 1993.

Military Judge: William L. Mauck. Review pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c), of Special Court–Martial convened by Commanding Officer, Special Boat Unit THIRTEEN, FPO, San Francisco, CA 96601–4519.

LT James A. Douglas, JAGC, USNR, Appellate Defense Counsel.

Maj Laura L. Scudder, USMC, Appellate Government Counsel.

Before FREYER, Senior Judge and WELCH and MOLLISON, Judges.

PER CURIAM:

We have carefully examined what purports to be the record of trial, the assignments of error [1], and the Government's reply thereto. We note that the record before us is unauthenticated and that the transcript of the proceedings in revision was authenticated well after the staff judge advocate submitted his recommendation to the convening authority and the convening authority took his action. A new staff judge advocate's recommendation and convening authority's action are, therefore, required. *See United States v. Credit*, 4 M.J. 118 (C.M.A.1977); *United States v. Cruz–Rijos*, 1 M.J. 429 (C.M.A. 1976); *United States v. Hill*, 22 U.S.C.M.A. 419, 47 C.M.R. 397 (1973); *United States v. Batiste*, 35 M.J. 742 (A.C.M.R.1992) (citing cases); *United States v. Carmichael*, 9 M.J. 553 (N.C.M.R.1980); Arts. 54(a), 60, Uniform Code of Military Justice, 10 U.S.C. §§ 854(a), 860; Rules for Courts–Martial 1104, 1106, Manual for Courts–Martial, United States, 1984. Accordingly, the action of the convening authority is set aside, the record of trial is returned to the Judge

1. I. THE MILITARY JUDGE ERRED BY FINDING CHARGES III AND IV AND THE SPECIFICATIONS THEREUNDER MULTIPLICIOUS FOR SENTENCING, BUT NOT FOR FINDINGS.

II. THE SENTENCE, WHICH INCLUDES AN UNSUSPENDED BAD–CONDUCT DISCHARGE, IS INAPPROPRIATELY SEVERE.

III. THE BAD CONDUCT DISCHARGE SHOULD BE DISAPPROVED BECAUSE THE RECORD OF TRIAL LACKS A VERBATIM TRANSCRIPT FOR THE REHEARING ON SENTENCING OR ANY OTHER PROCEEDING BEYOND 10 SEPTEMBER 1991.

IV. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN

VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. [CITATIONS OMITTED.] BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.

V. THE COURT–MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. [CITATION OMITTED.] BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL.

Advocate General for remand to obtain proper authentication of the record, a new staff judge advocate's recommendation, and a new action by a convening authority.[2]

**2.** On remand, attention is called to fact that no finding was entered by the military judge as to Specification 3 of Charge IV, and no mention of this specification was made in the pretrial agreement, the staff judge advocate's recommendation or the court-martial promulgating order. It also appears that the convening authority in his original action did not observe the limitations of confinement agreed per the pretrial agreement. Inasmuch as the pretrial agreement also specifies no term of suspension of confinement, it is recommended that on remand confinement in excess of 75 days not be approved by the convening authority.